# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN BANDELLI, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　　　Defendant. | Civil Action No. 24-6518 (MAS) (RLS)<br><br>**REPORT AND RECOMMENDATION** |

**SINGH, United States Magistrate Judge**.

　　**PRESENTLY** before the Court is a Motion by Defendant State Farm Fire and Casualty Company ("Defendant") to Dismiss the Complaint brought by Plaintiffs Charles Bandelli and Ann Bandelli (collectively, "Plaintiffs") (the "Motion"). (Doc. No. 23). Plaintiffs do not oppose the motion. The Honorable Michael A. Shipp, U.S.D.J., has referred this Motion to the undersigned for a Report and Recommendation. The Court has fully considered Defendant's written submission without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the undersigned respectfully recommends that the District Court dismiss Plaintiffs' Complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure. The undersigned also respectfully recommends that the District Court award Defendant fees and costs for an amount to be determined upon additional submissions, as discussed more fully below.

1

I.      **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

As the parties are familiar with the background and procedural history of this case, the Court recites only those facts relevant to the present Motion. Plaintiffs initiated this action against Defendant alleging breach of contract and breach of the implied covenant of good faith and fair dealing stemming from Defendant's handling of Plaintiffs' insurance claim. (*See generally* Doc. No. 1, Exhibit A). Defendant issued an insurance policy covering Plaintiffs' property located at 25 Oakcrest Drive, East Brunswick, New Jersey (the "Property"). (Doc. No. 1, Exhibit A at ¶ 2; Doc. No. 3 at ¶ 2). On July 4, 2023, during the term of the insurance policy, Plaintiffs experienced a sewer drain backup resulting in damage to the Property. (Doc. No. 23-2, Exhibit 4). Plaintiffs submitted a claim and estimate to Defendant for the repairs required to remediate the Property. (Doc. No. 23-2, Exhibit 3). Defendant responded that some but not all of the claimed damages were covered by the policy terms and issued an estimate for the covered work. (Doc. No. 23-2, Exhibits 4 & 5). Plaintiffs subsequently filed suit in the Superior Court of New Jersey, alleging that Defendant underpaid their claim pursuant to the insurance policy. (*See generally* Doc. No. 1). Defendant removed the matter to this Court on May 29, 2024. (Doc. No. 1).

Following an initial scheduling conference, discovery ensued, with a deadline to complete fact discovery of February 28, 2025. (Doc. No. 6). On August 1, 2024, Defendant served its first set of interrogatories and requests for the production of documents. (Doc. No. 23-2, Exhibits 7 & 8). Through those requests, Defendant sought, *inter alia*, documents and information relating to Plaintiffs' costs and expenses arising from the July 4, 2023 loss. (Doc. No. 23-2, Exhibits 7 & 8). Plaintiffs' responses to Defendant's discovery demands were due by September 2, 2024. (*See* Doc. No. 23-2, Exhibits 7 & 8). However, Plaintiffs did not meet that deadline.

2

On October 18, 2024, the parties reported to the Court that Plaintiffs had not yet produced any responses to Defendant's discovery demands. (Doc. No. 7 at ECF p. 1). Counsel also informed the Court that Plaintiff Charles Bandelli had passed away, which resulted in delays in finalizing discovery responses. (Doc. No. 7 at ECF p. 3). On November 21, 2024, Defendant's counsel wrote to Plaintiffs' counsel to remind him of the discovery demands and to suggest the parties request an extension of the discovery deadline. (Doc. No. 9 at ECF p. 3). Plaintiffs' counsel did not respond. (Doc. No. 9 at ECF p. 3).

On December 10, 2024, the parties submitted a joint letter regarding a dispute between them as to Plaintiffs' failure to respond to the discovery requests. (Doc. No. 9). Through that letter, Plaintiffs' counsel reported that he was working on finalizing the responses with his clients, but the responses had been delayed by the death of Mr. Bandelli and the efforts of Ms. Bandelli to sell the Property. (Doc. No. 9 at ECF pp. 3-4). He also represented that his client "is currently searching for all requested documents." (Doc. No. 9 at ECF pp. 3-4). In response to the parties' letter, the Court ordered Plaintiffs to "produce the outstanding discovery responses by no later than January 31, 2025[]" and required the parties to update the Court as to status by January 27, 2025. (ECF No. 10).

On January 2, 2025, Defendant served supplemental discovery demands relating to Plaintiffs' sale of the Property.[1] (Doc. No. 23-2, Exhibits 10 & 11). On January 23, 2025, the parties submitted a joint status letter, requesting an extension of the fact discovery schedule because Plaintiffs had not yet served any discovery responses. (Doc. No. 11). The Court then set a status conference for February 6, 2025. (ECF No. 12). During that conference, it was reported

---

[1] The supplemental discovery requests arose out of Plaintiffs' sale of the Property and sought, among other things, information as to the transaction, including inspections and repairs made in connection therewith.

3

that Plaintiffs did not produce responses to Defendant's first discovery demands by the January 31, 2025 deadline and did not timely respond to Defendant's second set of discovery requests. Following that conference, the Court ordered Plaintiffs to produce the outstanding discovery by no later than February 21, 2025. (ECF No. 13). It further stated that "[i]f Plaintiffs fail to do so, Defendant is granted leave to file a motion, seeking relief due to the failure to provide timely discovery." (ECF No. 13).

Plaintiffs ultimately served responses to Defendant's initial and supplemental discovery demands on February 21, 2025. (Doc. No. 23-2, Exhibits 13, 14, 15 & 16; *see also* Doc. No. 14). Defendant found Plaintiffs' responses deficient, in part because they did not specify the amount Plaintiffs paid for repairs at the Property resulting from the 2023 incident. (*See* Doc. No. 23-2, Exhibits 13, 14, 15 & 16; *see also* Doc. No. 14 at p. 2). With the exception of Defendant's request for supplementation of Plaintiffs' discovery responses, the parties reported on February 28, 2025 that written discovery was complete. (Doc. No. 14 at p. 2). During a status conference on March 6, 2025, Defendant raised again the deficiency in Plaintiffs' discovery responses. The Court thus ordered Plaintiffs to supplement any outstanding discovery by April 7, 2025. (ECF No. 15). Subsequently, the parties agreed to extend that deadline to April 14, 2025. (*See* Doc. No. 23-2, Exhibit 18).

On April 18, 2025, the parties submitted a joint letter regarding the ongoing discovery issues, through which Plaintiffs acknowledged that they had not yet produced the supplemental discovery as required by the Court's order. (Doc. No. 19 at p. 3, 4). Plaintiffs' counsel explained that Ms. Bandelli, who was elderly, expected to find responsive documents in her office, but that she had not yet searched her office for those documents. (Doc. No. 19 at p. 4). Plaintiffs' counsel

4

indicated that she planned to search for those documents on April 17, 2025, and will produce "what is available." (Doc. No. 19 at p. 4).

On April 21, 2025, Plaintiffs made a supplemental production and noted that they were waiting on contractors to send receipts for work performed on the floors, carpeting, walls, and bathroom at the Property. (*See* Doc. No. 23-2, Exhibits 19 & 20). The supplemental production consisted of three invoices for services rendered at the Property from late 2024 through early 2025. (Doc. No. 23-2, Exhibit 20). The supplemental production did not contain any documents relevant to repairs for the July 2023 incident at the Property. (*See* Doc. No. 23-2, Exhibit 20).

Defendant again raised the deficiencies with the Court in a status conference held on April 30, 2025. Following that conference, the Court ordered Plaintiffs to "serve supplemental interrogatory responses to address the outstanding discovery sought by Defendant." (ECF No. 21). The Court further ordered the parties to meet and confer regarding those supplementations and the need for additional discovery from non-party contractors. (ECF No. 21).

Thereafter, Defendant's counsel left a voice message for Plaintiffs' counsel indicating he wished to discuss the Court's order and supplemental discovery. (Doc. No. 23-2 at ¶ 25). After receiving no response, Defendant's counsel left a second voice message for Plaintiffs' counsel on May 5, 2025 and sent a letter the following day requesting to meet and confer. (Doc. No. 23-2 at ¶ 26; Exhibit 22). Defendant's counsel sent an email to Plaintiffs' counsel on May 8, 2025 in a final attempt to discuss the matter. (Doc. No. 23-2, Exhibit 23). On May 19, 2025, Defendant filed a letter, in which Plaintiffs' counsel did not join or respond to inquiries from Defendant's counsel to join in the status letter. (Doc. No. 22 at p. 1). Due to Plaintiffs' continued failure to comply with their discovery obligations, Defendant sought an extension of the discovery deadlines. (*See* Doc. No. 22 at p. 3). Shortly thereafter, Defendant filed the instant Motion. (*See*

*generally* Doc. No. 23). The Court held another status conference on May 22, 2025 for which Plaintiffs' counsel did not appear. To date, no opposition to the Motion has been filed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose sanctions when a party "fails to obey an order to provide or permit discovery," including "striking pleadings in whole or in part[]" or "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). In addition, Local Civil Rule 16.1(a)(2) authorizes the Court to "conduct such other conferences as are consistent with the circumstances of the particular case and this Rule[.]" L. Civ. R. 16.1(a)(2). If a party or its attorney fails to appear at a pretrial conference or obey a scheduling or pretrial order, the Federal Rules of Civil Procedure authorize the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). The sanctions identified in Rule 37(b)(2)(A) are not exhaustive and the Court exercises discretion in imposing the appropriate sanction, provided it is "'just'" and "'specifically related to the particular claim which was at issue in the order to provide discovery.'" *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018) (quoting *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995)).

When the Court finds sanctions warranted under either Rule 37 or Rule 16(f), the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *accord* Fed. R. Civ. P. 16(f)(2). The Rules thus require an award of fees and expenses "[a]bsent a showing that the noncompliance was either 'substantially justified' or circumstantially 'unjust[.]'" *Rorrer v. Cleveland Steel Container*, 564 F. App'x 642, 644 (3d Cir. 2014) (quoting Fed. R. Civ.

P. 16(f)(2)). "Substantial justification exists where there is a 'genuine dispute concerning compliance.'" *Id.* (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007)). Further, a sanction is "unjust" based upon "'consideration of the degree of the sanction in light of the severity of the transgression which brought about the failure to produce.'" *Id.* (quoting *Tracinda*, 502 F.3d at 241). In addition to Federal Rule of Civil Procedure 16, courts also maintain the inherent authority to sanction attorneys to the extent necessary "'to manage [the Court's] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

When determining whether sanctions are appropriate, the Court must consider the following factors: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the party or counsel's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the merits of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147-49 (3d Cir. 1990) (affirming default judgment premised on defendants' defiance of discovery orders); *Malik v. Hannah*, 661 F. Supp. 2d 485, 492 n.5 (D.N.J. Sept. 24, 2009) (discussing default judgment as a sanction pursuant to Rule 37(b)(2)(A)(iv)). The Court balances those factors and need not find that all factors point to entry of default to award such relief. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### III.   DISCUSSION

As an initial matter, there can be no dispute that Plaintiffs and their counsel have failed to obey an order permitting discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Notwithstanding multiple Court Orders directing Plaintiffs to serve and supplement their discovery responses, Plaintiffs

7

ultimately failed to produce the supplemental discovery and Plaintiffs' counsel failed to meet and confer with Defendant's counsel as instructed.  The Court thus turns to the *Poulis* factors.

In considering the first *Poulis* factor—the extent of the party's personal responsibility— the Court must "distinguish[] between a party's responsibility for delay and counsel's responsibility."  *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 133 (3d Cir. (2019) (citation omitted).  Indeed, "this Court has 'increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault.'"  *Id.* (quoting *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986)).

Here, the record reflects culpability by both Ms. Bandelli and her counsel.  On at least one occasion, Plaintiffs' counsel indicated that Ms. Bandelli knew where responsive documents may be but "ha[d] not been into her office to look for the requested documents," although the deadline to produce such documents had already lapsed.  (Doc. No. 19 at p. 4).  Plaintiffs' counsel also represented that Plaintiffs were attempting to collect records from non-parties long after the deadline to produce those documents passed.  (*See* Doc. No. 23-2, Exhibit 19).  Regarding counsel, Defendant's counsel made numerous attempts to meet and confer with Plaintiffs' counsel, who failed to respond—despite the Court's instruction to do so.  (*See* Doc. No. 23-2, Exhibits 22 & 23).  Nor did Plaintiffs' counsel appear for a Court ordered status conference in May 2025.  Based on these factors, it appears that both Ms. Bandelli and Plaintiffs' counsel bear responsibility for the delays, leading the Court to find that the first *Poulis* factor weighs in favor of a dismissal.

Under the second factor, the Court considers the prejudice to the adversary, which may include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting

*Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).  Prejudice may also result from "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy[.]"  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

Here, Plaintiffs repeatedly failed to comply with their discovery obligations and disregarded the Court's orders as well as adverse counsel's efforts to meet and confer.  Indeed, Defendant is unduly prejudiced by Plaintiffs' non-compliance because it has not received the discovery to which it is entitled.  *See Duda v. Rentokil N. Am., Inc.*, Civ. No. 18-13930, 2020 WL 1227526, at *3 (D.N.J. Mar. 12, 2020).  Defendant cannot adequately defend against Plaintiffs' claims that it underpaid on the insurance policy without discovery related to the amount Plaintiffs paid to repair the damage purportedly caused by the July 2023 loss.  Accordingly, the Court finds that *Poulis* factor two weighs in favor of dismissal.

Under the third *Poulis* factor, "[e]xtensive or repeated delays or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Adams*, 29 F.3d at 874 (citations omitted).  Moreover, the "[f]ailure to respond to the [c]ourt's [o]rders demonstrates [a party's] pattern of dilatory conduct." *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) (citations omitted). It is clear that there is a history of dilatoriness here: Plaintiffs repeatedly failed to timely produce relevant discovery and refused to meet and confer with their adversary in defiance of court orders. Accordingly, the Court finds that *Poulis* factor three also weighs in favor of dismissing Plaintiffs' Complaint.

The fourth *Poulis* factor considers whether the party or counsel's conduct was willful or in bad faith.  *Poulis*, 747 F.2d at 868-69.  When evaluating the fourth *Poulis* factor, "a court should look for the type of willful or contumacious behavior that can be characterized as flagrant bad

faith, such as failing to answer interrogatories . . . demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135 (citation and internal quotation marks omitted). However, "negligent behavior [or] failure to move with . . . dispatch" does not sufficiently establish willfulness or bad faith. *Adams*, 29 F.3d at 875 (citation omitted). "[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor.'" *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting *Martino v. Solaris Health Sys. Corp.*, No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).

Here, the record is unclear as to whether Plaintiffs or their counsel acted in bad faith. Although they repeatedly failed to comply with the Court's orders, at times, they offered explanations and made apparent attempts to comply in some instances. Yet, the continued lapses in compliance reflect a willfulness under this factor. *See id.* As such, the Court finds that the fourth *Poulis* factor weighs slightly in favor of dismissing Plaintiffs' Complaint. *See id.*

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. "[A]lternative sanctions need [not] be completely ameliorative . . . . Rather, alternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. Here, given Plaintiffs' disregard for the Court's orders and continued non-compliance, despite repeated opportunities to abide by their obligations, the Court cannot find any evidence to suggest that a lesser sanction would mitigate the ongoing prejudice to Defendant. Further, Plaintiffs' counsel has ceased communicating with Defendant's counsel. Indeed, Plaintiffs' continued lack of participation and compliance in this matter indicates that alternative sanctions would be futile. *See*

*Days Inn Worldwide, Inc. v. Karishma Aashvi, Inc.*, No. 21-5433, 2023 WL 5054848, at *4 (D.N.J. June 30, 2023) (finding the nonparticipation and lack of communication of the individual defendants with opposing counsel and the court "displayed an unwillingness to defend" against the plaintiff's claims, establishing that any alternative sanction to striking the pleading and entering default would not be effective); *Linwood Trading Ltd. v. Am. Metal Recycling Servs.*, No. 14-5782, 2017 WL 2825934, at *2 (D.N.J. June 1, 2017) (finding the defendants' non-participation a sufficient indicator that alternative sanctions would not be effective). Accordingly, the Court finds that *Poulis* factor five also favors dismissing Plaintiffs' Complaint.

Finally, the Court considers *Poulis* factor six, the meritoriousness of Plaintiffs' claims. *Poulis*, 747 F.2d at 870-71. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* Because Plaintiffs have ceased participating in this litigation, including by not responding to Defendant's Motion, the Court has no information to evaluate the merits of Plaintiffs' Complaint. Consequently, the Court finds the sixth *Poulis* factor to be neutral. *See Days Inn Worldwide*, 2023 WL 5054848, at *4 (finding the sixth factor to be neutral where the individual defendants failed to participate in the litigation and did not respond to the motion for sanctions); *see also Freeman v. McDowell*, No. 10-1541, 2012 WL 324048, at *5 (D.N.J. Jan. 24, 2012) (entering default judgment after declining to consider *Poulis* factor six).

The Court recognizes that dismissal of a complaint is "an extreme sanction that must be reserved for instances in which it is justly merited." *Wachtel*, 239 F.R.D. at 101 (citation omitted). Nevertheless, a balance of the applicable factors weighs in favor of sanctioning Plaintiffs pursuant to Rule 37(b) of the Federal Rules of Civil Procedure by dismissing the Complaint. *See Ware*, 322 F.3d at 221 (finding that each *Poulis* factor "need not be satisfied for the trial court" to enter default

11

judgment). While an extreme recourse, Plaintiffs' willful and consistent disregard for the Court's orders and the Federal Rules of Civil Procedure, as well the failure to participate in this litigation, suggests they have abandoned their claims against Defendant. Accordingly, the Court therefore respectfully recommends that the District Court dismiss Plaintiffs' Complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Finally, although not requested by Defendant, the Court must consider whether to impose an award of reasonable attorneys' fees and costs. Pursuant to Rule 37(b), in addition to imposing sanctions set forth in the subsection of that Rule, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 37(b)(2)(C). Because the undersigned recommends that the Court find sanctions warranted pursuant to Rule 37(b)(2), the undersigned also respectfully recommends that the Court award Defendant reasonable attorneys' fees and costs associated with Plaintiffs' and Plaintiffs' counsel's failures discussed above, subject to an appropriate application by Defendant.

**IV.  CONCLUSION**

For the foregoing reasons, and for other good cause shown,

**IT IS** on this **9th** day of **December 2025**,

**RECOMMENDED** that the District Court dismiss Plaintiffs' Complaint; and it is further

**RECOMMENDED** that the District Court grant Defendant leave to apply for reasonable attorneys' fees and costs pursuant to Rule 37(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket

Entry Number 23 and activate this Report and Recommendation for the District Court's review; and it is further

      **ORDERED** that the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to file and serve objections to the proposed findings and recommendations set forth herein pursuant to Federal Rule of Civil Procedure 72(b)(2).

      **SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**