**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANN BANDELLI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Civil Action No. 24-6518 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court following the Report and Recommendation (the "R & R") of the Honorable Rukhsanah L. Singh, U.S.M.J., recommending the dismissal of Plaintiffs' Complaint with prejudice for failure to comply with certain orders of the Court and for failure to expeditiously litigate the matter. (ECF No. 25.) None of the parties filed objections. For the reasons set forth below, the Court adopts Judge Singh's R & R.

Plaintiffs Charles Bandelli[1] and Ann Bandelli (collectively, "Plaintiffs") filed a Complaint seeking damages from Defendant State Farm Fire and Casualty Company ("Defendant") alleging that Defendant underpaid Plaintiffs' insurance claim, which was made pursuant to an insurance policy issued by Defendant. (ECF No. 1.) The facts relevant to the Court's decision, which are not contested by Plaintiffs, are set forth in the R & R and will not be repeated here unless necessary.

[1] The Court notes that Plaintiff Charles Bandelli passed away in 2024. (*See* Oct. 18, 2024, Correspondence 3, ECF No. 7.)

As set forth in the R & R, Plaintiffs—after numerous opportunities and the passage of significant time—have failed to comply with the most basic of the Court's orders. (*See* Dec. 9, 2025, R. & R. 2-6, ECF No. 25.) Specifically, Plaintiffs' responses to Defendant's discovery demands were due by September 2, 2024, but Plaintiffs failed to meet this deadline. (*See* Oct. 18, 2024, Correspondence, ECF No. 7; Dec. 10, 2024, Correspondence, ECF No. 9.) On October 18, 2024, the parties reported to the Court that Plaintiffs had not produced any response to Defendant's previous discovery demands. (Oct. 18, 2024, Correspondence 2.) On November 21, 2024, Defendant's counsel wrote to remind Plaintiffs of the discovery demands, but Plaintiffs failed to provide a response. (Dec. 10, 2024, Correspondence 3.) By January 23, 2025, Plaintiffs had not yet served any discovery responses. (ECF No. 11.) Thereafter, Defendant's counsel left a voice message for Plaintiffs' counsel and received no response. (Ex. 22 to Def.'s Motion to Dismiss, ECF No. 23-2.) Defendant's counsel left another voicemail on May 5, 2025, and sent correspondence the following day requesting to meet and confer. (*Id.*) On May 8, 2025, Defendant's counsel sent an e-mail correspondence to Plaintiffs' counsel and received no response. (*See* Ex. 23 to Def.'s Motion to Dismiss, ECF No. 23-2.) On May 19, 2025, Defendant's counsel filed correspondence stating that he had received no response. (ECF No. 22.) Finally, on May 22, 2025, the Court held a status conference for which Plaintiffs' counsel failed to appear. (Dec. 9, 2025, R. & R. 6.)

In determining the appropriateness of dismissal as a sanction, courts look to the following factors: (1) "the extent of the party's personal responsibility;" (2) prejudice to the adversary; (3) a history of dilatoriness; (4) "whether the conduct of the party or the attorney was willful or in bad faith;" (5) "the effectiveness of sanctions other than dismissal;" and (6) the merits of the claim or

defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

The Court, having conducted a de novo review[2] of Judge Singh's analysis of the *Poulis* factors, determines that the case should indeed be dismissed with prejudice. First, Plaintiffs' exhibited history of dilatoriness reveals a willful disregard for their obligations under the Court's rules and orders. Second, Defendant has been prejudiced by Plaintiffs' failure to respond to orders and meaningfully participate in the litigation. This action was removed to the Court in May of 2024, and Defendant has since been unable to effectively defend the action, as Plaintiffs did not fulfill the most basic of discovery obligations. Furthermore, Plaintiffs failed to respond to the R & R or otherwise contact the Court regarding their delinquent discovery obligations in the ten months that have passed since Judge Singh issued the R & R. Finally, considering Plaintiffs' failure to respond to the Court's orders, the Court doubts that any alternative sanction would be effective.

For the above reasons,

**IT IS**, on this 9th day of October 2026, **ORDERED** that:

1. The Court adopts the Report and Recommendation (ECF No. 25) of Judge Singh.
2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

[2] Although Plaintiff failed to file objections to the R & R, the Court nevertheless conducted a de novo review. *Cf. Bell v. Pleasantville Housing Auth.*, No. 09-4614, 2012 WL 12978341, at *1 (D.N.J. Dec. 31, 2012) (noting that "a plaintiff is not statutorily entitled to a de novo review . . . if no objections are filed to the magistrate judge's report" (citations omitted)).